IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 3 2003

Michael N. Milby
Clerk of Court

MANUEL SANDOVAL-HERRERA, )
)
v. )
)   CIVIL ACTION NO. B-02-138
AARON CABRERA, INS ACTING )
DIRECTOR, HLG/DO and )
JOHN ASHCROFT, UNITED STATES )
ATTORNEY GENERAL )
_____ )


**RESPONDENTS' ADDITIONAL POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**


COME NOW the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and in anticipation of an evidentiary hearing on January 23, 2003, file these Additional Points and Authorities in Support of the Motion to Dismiss the Petition for Writ of Habeas Corpus in this case.


**I.   PETITIONER MAY NOT CHALLENGE HIS
REMOVABILITY IN HABEAS CORPUS BECAUSE THE
COURT OF APPEALS MAY ADDRESS THE ISSUES HE
RAISES ON PETITION FOR REVIEW.**

**A.   Habeas Corpus Is Not Available Where the Court of Appeals
Can Hear the Issues Presented by a Petitioner.**

1

The law of the circuit is clear that habeas corpus is not available where the court of appeals could have heard the issue presented by a petitioner. See Santos v. INS, 228 F.3d 591, 596 (5th Cir. 2000); Rivera-Sanchez v. INS, 198 F.3d 545, 547-48 (5th Cir. 2000); Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 302 (5th Cir. 1999). In Santos, the Court held in a habeas action that habeas corpus was not available to a "transition" rule alien - an alien whose deportation proceeding was commenced before April 1, 1997, where the Board's decision was entered after October 30, 1996 - where the alien had previously obtained review in the court of appeals pursuant to a petition for review. Santos, 228 F.3d at 597.

> [I]n dismissing Santos's petition for review, we determined that burglary of a vehicle is an aggravated felony - the very finding Santos challenges in his section 2241 petition. Santos has therefore failed to establish that the ground raised in his petition for habeas corpus could not have been raised earlier, and we find no basis for holding that the remedy provided by the prior proceedings was inadequate or ineffective to test the validity of his deportation order. 8 U.S.C. §1105a(c) (1994).

Id.

In Rivera-Sanchez, the Court held that the district court lacked jurisdiction over the alien's habeas petition because the issues raised by Rivera could have been heard in a petition for review. 198 F.3d at 547-48. In that case, Rivera sought to challenge a final removal order in habeas corpus. Id. at 546-47. The Court held that Rivera, who was not subject to any limitation

on review in the court of appeals, could not forego a petition for review and challenge his order in habeas corpus. Id. at 547-48.

> [H]abeas jurisdiction exists only where "challenges cannot be considered on direct review by the court of appeals." Requena-Rodriguez, 190 F.3d at 305. Section 309(c)(4)(G) of IIRIRA denies us jurisdiction to consider petitions for review only when an alien has committed a referenced criminal offense. . . . [W]e have jurisdiction to review directly a deportation order entered against Rivera. Accordingly, the district court lacked jurisdiction to entertain Rivera's habeas petition. See Requena-Rodriguez, 190 F.3d at 305.

Id.

Similarly, Requena-Rodriguez involved a transition rule criminal alien who challenged the retroactive application of §440(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), which barred discretionary relief from deportation for certain criminal aliens. 190 F.3d at 302. The Court held that habeas corpus was available where no review was available in the court of appeals. Id. at 306.

> We conclude that §2241 habeas jurisdiction continues to exist under IIRIRA's transitional rules in cases involving final orders of deportation against criminal aliens, and that habeas jurisdiction is capacious enough to include constitutional and statutory challenges <u>if those challenges cannot be considered on direct review by the court of appeals</u>.

3

Id. at 305 (emphasis added). The Court then explained the role of habeas corpus *vis-a-vis* direct review:

> It is true that under our decision two different courts will have the power to delay deportation. But there will be no overlap between direct review and habeas review because it has already been made clear that this court . . . is powerless to review criminal aliens' cases under the transitional rules.

Id. at 306 (emphasis added). Thus, collateral challenges under §2241 are not available where direct review is available in the court of appeals.

**B.  The Court of Appeals on Petition for Review Has Jurisdiction to Determine Jurisdiction and to Review Substantial Constitutional Issues Even Where the Court's Review is Restricted by INA §242(a)(2)(C).**

Under the post-IIRIRA judicial review scheme, the courts of appeals' jurisdiction over challenges to removal orders by certain classes of criminal aliens, including those who have committed a controlled substance offense or an aggravated felony under INA §237(a)(2)(A)(iii) or (B), 8 U.S.C.§1227(a)(2)(A)(iii), (B) is restricted. §242(a)(2)(C), 8 U.S.C. §1252(a)(2)(C) (West 2001);[1] Calcano-Martinez v. INS, 121 S. Ct. 2268, 2270 (2001).

---

[1] INA §242(a)(2)(C) provides:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [INA] section 212(a)(2) [8 U.S.C. §1182] or 237(a)(2)(A)(iii), (B), (C), or (D) [8 U.S.C. §1227], or any offense covered by section 237(a)(2)(A)(ii) for which both predicate offenses are,

Notwithstanding the language of INA §242(a)(2)(C), however, the court of appeals retains jurisdiction to determine whether it has jurisdiction over a particular matter. Balogun v. Ashcroft, 270 F.3d 274, 278 (5th Cir. 2001) ("Despite this denial of jurisdiction, we retain jurisdiction to review jurisdictional facts."); Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000), cert. denied 121 S. Ct. 757 (2001); Flores-Leon v. INS, 272 F.3d 433, 437-38 (7th Cir. 2001). Accordingly, on petition for review the court of appeals will review whether Petitioner is (1) an alien, (2) who is removable, (3) by reason of having committed a criminal offense covered in INA §237(a)(2)(B). INA §242(a)(2)(C), 8 U.S.C. §1252(a)(2)(C) (West 2001); Balogun, 270 F.3d at 278.

The court of appeals also retains "jurisdiction to consider whether the jurisdiction-stripping provisions of the statute are being constitutionally applied and to consider any substantial constitutional claims." Balogun, 270 F.3d at 278 n.11. (describing substantial constitutional claims as an "alternative route to jurisdiction"); and see Webster v. Doe, 486 U.S. 592, 603 (1988); Flores-Leon v. INS, 272 F.3d 433, 437-38 (7th Cir. 2001) ("an alien may challenge his deportability on

---

without regard to their date of commission, otherwise covered by section 237(a)(2)(A)(i).

8 U.S.C. §1252(a)(2)(C) (West 2001) (emphasis added).

constitutional grounds directly in the court of appeals provided that he raises a substantial constitutional claim"); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 n.2 (11th Cir. 2001) (holding that there is no "statutory constraint on [the court's] jurisdiction to address constitutional challenges") (citing Richardson v. Reno, 180 F.3d 1311, 1316 n. 5 (11th Cir. 1999)); Fernandez-Bernal v. Attorney General of the United States, 257 F.3d 1304, 1311 (2001) ("Despite the broad language of §1252(a)(2)(C), we retain jurisdiction to evaluate constitutional challenges to IIRIRA."); Lara-Ruiz v. INS, 241 F.3d 934, 938-39 (7th Cir. 2001) (same). If the court of appeals determines that the jurisdictional facts for review preclusion are present, and that no substantial constitutional issues are raised, it must dismiss the petition for review for lack of jurisdiction. Lara-Ruiz, 241 F.3d 938-39.

C. **Petitioner Cannot Collaterally Attack His Order of Removal in Habeas Corpus Because Direct Review in the Court of Appeals Is Available on Petition for Review.**

Here, it is clear that Sandoval-Herrera may raise his issues in the court of appeals on petition for review. Sandoval-Herrera challenges whether he is removable based on a drug conviction. The court of appeals would address that issue in the course of analyzing its "jurisdiction to determine jurisdiction" under INA §242(a)(2)(C). See Balogun v. Ashcroft, 270 F.3d at 278; Lopez-Elias v. Reno, 209 F.3d 788 (5th Cir. 2000), cert. denied, 121 S.

Ct. 757 (2001). Moreover, to the extent that Sandoval-Herrera raises any substantial constitutional issues, the court of appeals retains jurisdiction over any constitutional issues regarding the application of a ground of removal. <u>Balogun</u>, <u>supra</u>.

In the present litigation, Sandoval-Herrera has circumvented normal procedures by avoiding a petition for review in the Fifth Circuit altogether. Instead of challenging his removal in the court of appeals, Sandoval-Herrera merely filed a habeas petition in this Court. The court of appeals could have reviewed Sandoval-Herrera's claims on petition for review had he filed one. He cannot now obtain such review by way of habeas corpus. Accordingly, this Court lacks jurisdiction over the habeas corpus petition and the petition should be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
January 23, 2003   Federal Bar No. 23937

7

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Additional Points and Authorities in Support of the Motion to Dismiss the Petition for Writ of Habeas Corpus was hand-delivered to Lisa Brodyaga, Esquire, on this 23rd day of January, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MANUEL SANDOVAL-HERRERA, )<br>)<br>v.                                )<br>)<br>                                     )   CIVIL ACTION NO. B-02-138<br>AARON CABRERA, INS ACTING )<br>DIRECTOR, HLG/DO and         )<br>JOHN ASHCROFT, UNITED STATES )<br>ATTORNEY GENERAL             )<br>_____ ) | |

ORDER

Upon consideration of the arguments of Petitioners and Respondents, the Court finds that Respondents' motion to dismiss should be granted.

It is therefore

ORDERED, ADJUDGED AND DECREED that the petition for habeas corpus is dismissed.

This is a final Order.

Done this _____ day of _____, 2003, in Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE