```
                                    United States District Court
                                     Southern District of Texas
                                              FILED

      UNITED STATES DISTRICT COURT        FEB 0 7 2003
    FOR THE SOUTHERN DISTRICT OF TEXAS
           BROWNSVILLE DIVISION           Michael N. Milby
                                           Clerk of Court
```

MANUEL SANDOVAL-HERRERA,        )
                                )
v.                              )    C.A.  B-02-138
                                )
AARON CABRERA, et al.           )
                                )

**PETITIONER'S OPPOSITION TO RESPONDENTS' (BELATED) OBJECTIONS TO THE CONDUCT OF AN EVIDENTIARY HEARING IN THE CASE AT BAR.**

Petitioner, through counsel, hereby files the instant Opposition to Respondents' (Belated) objections to the evidentiary hearing conducted on January 23, 2003.

**I. OTHER THAN ITS CLAIM THAT THIS COURT LACKS JURISDICTION, WHICH WAS ADDRESSED SEPARATELY, INS WAIVED ANY OBJECTIONS TO THE RECEIPT OF EVIDENCE, WHICH OBJECTIONS ARE, IN ANY EVENT, UNFOUNDED.**

By pleading dated February 5, 2003, INS raised, for the first time, its objections "to the District Court considering any of the documentary or testimonial evidence presented at the hearing" on January 23, 2003. Said objections are untimely. *See*, Federal Rules of Evidence, Rule 103(a)(1) (Error may note be predicated upon a ruling admitting evidence unless a timely objection or motion to strike appears of record).[1] The objections are also without merit. They are predicated upon the assumption that the evidence was taken for the purpose of impugning factual findings made by the BIA.[2]

---

[1] INS made no objections during the hearing. There were no objections to the testimony, and with respect to the documentary evidence, INS specifically represented that they had no objections.

[2] Even this prohibition is not absolute. *See, Kwock Jan Fat v. White*, 253 U.S. 454, 457-458 (1920), wherein the Supreme Court granted certiorai, and remanded for a hearing on the merits of a habeas corpus petition contesting an *exclusion* order. *Id.,* (internal citations omitted) (emphasis added):

> It is fully settled that the decision by the Secretary of Labor, of such a question as we have here, is final, and conclusive upon the courts, unless it be shown that the

But this is not the case. Petitioner does not seek review of, and the evidence submitted does not relate to, any findings of fact or discretionary determinations made by the BIA. Rather, the evidence submitted relates to Petitioner's causes of action involving Substantive and Procedural Due Process, matters which the BIA could not have heard in any event. *See, e.g., Matter of Rodriguez-Carrillo*, 22 I&N Dec. 1031, 1035 (BIA 1999) (BIA may not rule on constitutionality of statute it administers).

Nor does the fact that habeas jurisdiction under 28 U.S.C. §2241 is limited to determinations of whether the custody violates the laws, constitution (or treaties) of the United States mean that the Court cannot engage in fact-finding to determine whether any such violations have occurred. *See, Catalan v. Cockrell*, ___ F.3d ___ (5th Cir.2002), 2002 U.S. App. LEXIS 26091 (To establish ineffective assistance of counsel, petitioner must show that his lawyer's performance was deficient and that the deficient performance prejudiced his defense. In the habeas context, the court of appeals reviews findings of fact for clear error and issues of law de novo using the same standards as the district court).

### I. THE ADDITIONAL CASES CITED IN SUPPORT OF INS' ARGUMENT THAT THIS COURT LACKS JURISDICTION DO NOT FURTHER THAT CLAIM.

INS also cites a few additional cases in support of the argument that the instant case should be dismissed for lack of jurisdiction, primarily, *INS v. Ventura*, 123 S.Ct. 353, 355-56 (2002). INS cites

---

proceedings were "manifestly unfair," were "such as to prevent a fair investigation," or show "manifest abuse" of the discretion committed to the executive officers by the statute,... or that "their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the conception of due process of law," .... The decision must be after a hearing in good faith, however summary, ... *and it must find adequate support in the evidence,* ...

*Ventura* for the proposition that the Court can only review a challenge to the order "on the basis of claims and evidence presented to the agency below and actually addressed and decided by the agency below." (INS:4). *Ventura* does not support this claim.

In the first place, *Ventura* did not involve a habeas action, but a petition for review. Secondly, since the BIA cannot consider attacks to the constitutionality of the statute, such a holding would mean that such claims could never be considered. It would therefore have been futile to present these claims, and the corresponding evidence, to the agency.[3]   *See, Goonsuwan v. Ashcroft*, 252 F.3d 383,389 (5th Cir. 2001):

> Even when exhaustion is a jurisdictional bar,[4] this Court recognizes an exception "when administrative remedies are inadequate." *Ramirez-Osorio v. INS*, 745 F.2d 937, 939 (5th Cir.1984) (*citing NLRB v. Industrial Union of Marine and Shipbuilding Workers of America*, 391 U.S. 418, 426 n. 8, 88 S.Ct. 1717, 1723 n. 8, 20 L.Ed.2d 706 (1968)). Similarly, the First Circuit stated "[e]ven where statutes impose an exhaustion requirement the Supreme Court has, despite the rhetoric of jurisdiction, carved out exceptions. The best founded is one suggested by the Supreme Court, and explicitly recognized in this and other circuits, where resort to the agency would be futile because the challenge is one that the agency has no power to resolve in the applicant's favor."

---

[3]   Once can exhaust administrative remedies with respect to procedures, or arguments, but not with respect to evidence per se.

[4]   *Goonsuwan's* holding that failure to exhaust was a jurisdictional bar to habeas review of a removal order was called into question by the fact that the Supreme Court cited *U.S. ex rel. Marcello v. INS*, 634 F.2d 964 (5th Cir. 1981) with approval in *INS v. St. Cyr*, 121 S.Ct 2271, 2285 (2001), for its holding that habeas corpus review continued to be available. *Marcello* held that failure to exhaust was not a jurisdictional bar, where there had been no deliberate by-pass of direct appellate review.

3

WHEREFORE, it is respectfully urged that Respondents' belated Objections to the evidence presented be overruled, and that their motion to dismiss be denied.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was personally served on the Office of Lisa Putnam, SAUSA, this 7th day of February 2003.

*[signature]*